# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| VINCENT BURWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:15-cv-00008-MHH-JHE |
| ) | |
| SHERIFF BLAKE DORNING, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

On April 18, 2016, the magistrate judge filed a report in which he screened plaintiff Vincent Burwell's *pro se* complaint pursuant to 28 U.S.C. § 1915A(b)(1). (Doc. 11).  Based on his evaluation of the factual allegations in Mr. Burwell's complaint (Doc. 1) and the legal defenses which he anticipated to Mr. Burwell's claims, the magistrate judge recommended that the Court dismiss Mr. Burwell's complaint without prejudice for failure to state a claim upon which relief may be granted.  (Doc. 11).  The magistrate judge advised Mr. Burwell that he had the opportunity to file specific written objections to the report and recommendation within fourteen (14) days, and the magistrate judge explained that failure to object to his factual findings would bar review of those findings "except for plain error." (Doc. 11, p. 8).  The Court has not received written objections from Mr. Burwell.

On this record, the Court reviews the magistrate judge's report and recommendation.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court reviews legal conclusions in a report *de novo* and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).[1]

The Court finds no misstatements of law in the magistrate judge's report. The Court finds no plain error in the magistrate judge's findings that the Madison Metro Jail is not a legal entity subject to suit and that Mr. Burwell has not named Officers Jordan, William, and Bell as defendants. (Doc. 11, pp. 5-6). The Court also finds no plain error in the magistrate judge's description of the factual allegations concerning the City of Huntsville and Judge Zimmerman. (Doc. 11, pp. 7-8).

The report's description of the factual allegations concerning the supervisory liability claim against Sheriff Dorning is a bit too narrow. The report states that Mr. Burwell "described only two incidents where jail staff allegedly violated his

---

[1] When a party objects to a report in which a magistrate judge recommends dismissal of the action, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §§ 636(b)(1)(B)-(C).

2

constitutional rights by denting him a disciplinary hearing." (Doc. 11, p. 5). In his complaint, Mr. Burwell described two specific incidents in which he allegedly was deprived of a disciplinary hearing, but he also alleged that "[t]he jail does all inmates like that." Viewing the allegations in the complaint in the light most favorable to Mr. Burwell and construing his allegations liberally because he is proceeding *pro se*,[2] the Court finds that Mr. Burwell has alleged widespread abuse that, if proven, would put "the responsible supervisor on notice of the need to correct the alleged deprivation." (Doc. 11, p. 4). Nevertheless, the Court finds that Mr. Burwell's supervisory liability claim is subject to dismissal because Mr. Burwell asks the Court to reprimand the jail staff for violating his due process rights, but Mr. Burwell no longer is incarcerated in the Madison Metro Jail. (Docs. 4, 5, 11). Therefore, Mr. Burwell's claim is moot.

Consequently, the Court accepts the magistrate judge's recommendation and finds that this action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted.

A Final Judgment will be entered.

**DONE** and **ORDERED** this June 30, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).